UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, <br><br> Plaintiff, <br><br> v. <br><br> TRANSUNION, TRANS UNION LLC, TRANSUNION INTERACTIVE, INC., and JOHN T. DANAHER, <br><br> Defendants. | Case No. 1:22-cv-1880 <br><br> District Judge Elaine E. Bucklo |

**TRANSUNION DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY**

Defendants TransUnion, Trans Union, LLC, and TransUnion Interactive, Inc. (collectively, "TransUnion") respectfully submit this notice of supplemental authority in support of their Motion to Dismiss.

In *Community Financial Services Association of America, Limited v. CFPB*, No. 21-50826 (5th Cir. Oct. 19, 2022), the Fifth Circuit vacated the Bureau's 2017 Payday Lending Rule on the ground that the CFPB's funding structure violates the Appropriations Clause. *See* Ex. A (Fifth Circuit's opinion). The court's reasoning was similar to Judge Jones's reasoning in *CFPB v. All American Check Cashing, Inc.*, 33 F.4th 218, 221 (5th Cir. 2022) (en banc) (Jones, J., concurring), cited in TransUnion's motion. Dkt. #29, at 26-27.

The court explained that "[w]hile the great majority of executive agencies rely on annual appropriations for funding, the Bureau does not." Ex. A at 29 (citing 12 U.S.C. § 5497(a)). "Instead, each year, the Bureau simply requisitions from the Federal Reserve an amount 'determined by the Director to be reasonably necessary to carry out' the Bureau's functions." *Id.* (quoting same). Thus, "Congress did not merely cede *direct* control over the Bureau's budget by

1

insulating it from annual or other time limited appropriations. It also ceded *indirect* control by providing that the Bureau's self-determined funding be drawn from a source that is itself outside the appropriations process." *Id.* at 30. Further, the Bureau is "literally off the books: Rather than hold funds in a Treasury account," it "maintains a separate fund" at a Federal Reserve bank that is "permanently available" to the Director "without any further act of Congress." *Id.* at 30-31 (internal quotation marks and citation omitted).

In the court's view, the "Bureau's perpetual insulation from Congress's appropriations power, including the express exemption from congressional review of its funding, renders the Bureau no longer dependent and, as a result, no longer accountable to Congress and, ultimately, to the people." *Id.* at 31-32 (internal quotation marks and citation omitted). "By abandoning its 'most complete and effectual' check on 'the overgrown prerogatives of the other branches of the government'—indeed, by enabling them in the Bureau's case—Congress ran afoul of the separation of powers embodied in the Appropriations Clause." *Id.* at 32 (quoting The Federalist No. 58 (J. Madison)).

The court held that the proper remedy was to vacate the Payday Lending Rule. The court explained: "Because the funding employed by the Bureau to promulgate the Payday Lending Rule was wholly drawn through the agency's unconstitutional funding scheme, there is a linear nexus between the infirm provision (the Bureau's funding mechanism) and the challenged action (promulgation of the rule)." *Id.* at 38. "In other words, without its unconstitutional funding, the Bureau lacked any other means to promulgate the rule." *Id.* "Plaintiffs were thus harmed by the Bureau's improper use of unappropriated funds to engage in the rulemaking at issue." *Id.*

*Community Financial Services Association* establishes that this suit must be dismissed. The Consent Order is invalid because the Bureau used unappropriated funds to negotiate and

prepare it. Further, the Bureau may not expend unappropriated funds prosecuting this suit.[1]

Dated: October 20, 2022

Terri L. Mascherin
*tmascherin@jenner.com*
Megan B. Poetzel
*mpoetzel@jenner.com*
JENNER & BLOCK LLP
353 N. Clark Street
Chicago, IL 60654
Tel: (312) 222-9350

Respectfully submitted,

By: /s/ Valerie L. Hletko

Roberta A. Kaplan*
*rkaplan@kaplanhecker.com*
Gabrielle E. Tenzer*
*gtenzer@kaplanhecker.com*
D. Brandon Trice*
*btrice@kaplanhecker.com*
Rebecca Sussman*
*rsussman@kaplanhecker.com*
KAPLAN HECKER & FINK LLP
350 Fifth Avenue, 63rd Floor
New York, NY 10118
Tel.: (212) 763-0883

Valerie L. Hletko
*vhletko@kaplanhecker.com*
KAPLAN HECKER & FINK LLP
1050 K Street, NW, Suite 1040
Washington, DC 20001
Tel.: (212) 763-0883

*Attorneys for TransUnion, Trans Union LLC, and TransUnion Interactive, Inc.*

* *Admitted pro hac vice*

---

[1] The Fifth Circuit rejected the plaintiff's alternative argument that the Payday Lending Rule should be vacated in light of the unconstitutional restriction on the Director's removal prior to *Seila Law LLC v. CFPB*, 140 S. Ct. 2183 (2020). Ex. A at 16-20. Although TransUnion respectfully disagrees with that reasoning, TransUnion acknowledges it would foreclose TransUnion's argument based on the unconstitutional restriction on the Director's removal.

## **CERTIFICATE OF SERVICE**

    I hereby certify that on October 20, 2022, I caused a true and correct copy of the foregoing to be served upon counsel of record as of this date by electronic filing.

/s/ Valerie L. Hletko

One of the attorneys for TransUnion, Trans Union LLC, and TransUnion Interactive, Inc.