```
              IN THE UNITED STATES DISTRICT COURT
             FOR THE NORTHERN DISTRICT OF ILLINOIS
                         EASTERN DIVISION


Consumer Financial Protection    )
Bureau,                          )
                                 )
            Plaintiff,           )
                                 )
                                 )
       v.                        )    No. 22 C 1880
                                 )
                                 )
TransUnion; TransUnion, LLC;     )
TransUnion Interactive, Inc.;    )
and John T. Danaher,             )
                                 )
            Defendants.          )
```

Memorandum Opinion and Order

The Consumer Financial Protection Bureau ("Bureau") brings this suit against TransUnion, TransUnion, LLC, and TransUnion Interactive, Inc. (collectively, "Corporate Defendants"), as well as John T. Danaher, the former President and Executive Vice President of TransUnion Interactive, Inc. The Bureau alleges Corporate Defendants violated the Consumer Financial Protection Act ("CFPA") in several ways, including through violating a January 3, 2017 Consent Order, engaging in deceptive acts and practices, providing substantial assistance in CFPA violations, and violating federal regulations. The complaint also includes one count against Danaher for violation of the Consent Order.

I previously denied defendants' motions to dismiss the complaint. Dkt. No. 52. In doing so, I rejected Danaher's argument that the Bureau lacked authority to pursue a claim against him for violation of the Consent Order. Danaher now asks that I certify that order for immediate interlocutory appeal under 28 U.S.C. § 1292(b). In the midst of briefing on that motion, the Bureau filed a motion seeking leave to file a first amended complaint to add a substantial assistance claim against Danaher.[1] Only Danaher opposes the Bureau's motion; the Corporate Defendants take no position. For the following reasons, the Bureau's motion is granted and Danaher's motion is denied.

I.

Leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). But "district courts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) (quotation omitted). Danaher argues that each of those factors is present here.

---

[1] The Bureau also seeks to make a clerical amendment to the spelling and punctuation of the name of one of the defendants from TransUnion, LLC, to Trans Union LLC. Defendants do not oppose this change.

The Bureau's motion is hardly delayed. It comes less than one year after the action was filed, before any defendant has filed an answer, and when discovery has only just begun. Nonetheless, Danaher argues that the timing of the Bureau's motion suggests an attempt to thwart his motion for interlocutory appeal, which Danaher argues could remove him from the suit entirely. I am cognizant of that possibility but conclude that the Bureau's motion does not amount to undue delay or bad faith for two reasons. First, the Bureau offers plausible reasons for the timing of its motion: it assessed its claims early in the litigation based on the record and with the benefit of briefing and a decision on the motion to dismiss. Second, the Bureau does not stand to gain the tactical advantage Danaher suggests. Assuming everything goes Danaher's way--that is, the Bureau's motion for leave to amend is denied, Danaher obtains certification for interlocutory appeal, and he prevails on that appeal--the Bureau would almost certainly be allowed to amend its complaint after the appeal to add a substantial assistance claim against Danaher. *See Barry Aviation Inc. v. Land O'Lakes Mun. Airport Comm'n*, 377 F.3d 682, 687 (7th Cir. 2004) ("That leave be 'freely given' is especially advisable when such permission is sought after the dismissal of the first complaint. Unless it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted, the district court should grant leave to amend after granting a motion

to dismiss." (footnote omitted)). Thus, even in Danaher's desired scenario, he would remain a party to this suit.

Danaher also argues that because the Bureau already knew of the factual basis for a substantial assistance claim against him, its failure to include that claim in the original complaint constitutes undue delay. But the cases Danaher cites in support of this proposition concerned plaintiffs who waited until well into the litigation to add claims that could have been brought earlier. *See, e.g.*, *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001) (finding undue delay where plaintiff waited until after close of discovery and filing of summary judgment motion to seek amendment with same factual basis as another claim). By contrast, the Bureau here seeks amendment less than one year after filing the complaint and before an answer has been filed.

Furthermore, delay alone "is an insufficient basis for denying a motion to amend unless th[e] delay results in undue prejudice to the opposing party." *Tragarz v. Keene Corp.*, 980 F.2d 411, 432 (7th Cir. 1992) (citation omitted). Amendment here would not expose Danaher to undue prejudice. He complains that he will be denied interlocutory appellate review, but as explained above, denying leave to amend now would not bar later amendment if Danaher succeeded on appeal. Danaher also argues that if amendment is allowed, then he will expend resources on briefing a motion to dismiss. However, as I caution below, any motion to dismiss the

4

substantial assistance claim will be narrow in scope. The other concerns he raises--continued legal exposure and reputational harm--attend most litigation and do not rise to the level of "undue" prejudice.

The Bureau's proposed amendment is also not futile. "Amendment is futile when it seeks to add a new claim that does not allege a viable theory of liability." *Thomas v. Dart*, 39 F.4th 835, 841 (7th Cir. 2022) (citation omitted). Whether a proposed claim passes muster depends on the standard used for motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Runnion ex rel. Runnion v. Girl Scouts of Greater Chi. & Nw. Ind.*, 786 F.3d 510, 524 (7th Cir. 2015).

The Bureau brings its proposed substantial assistance claim under 12 U.S.C. § 5536(a)(3), which prohibits "any person" from "knowingly or recklessly provid[ing] substantial assistance to a covered person . . . in violation of the provisions of section 5531 of this title, or any rule or order issued thereunder . . . ." The Bureau's theory is that Danaher knowingly or recklessly provided substantial assistance to TransUnion Interactive, Inc., in its Consent Order violations. In Danaher's view, however, violation of the Consent Order does not constitute a § 5531 violation.

Section 5531 authorizes the Bureau to "take any action authorized under part E" of the CFPA to "prevent a covered person

5

or service provider from committing or engaging in an unfair, deceptive, or abusive act or practice [UDAAP] under Federal law . . . ." 12 U.S.C. § 5531(a). As I found in my previous opinion, the Consent Order was issued pursuant to 12 U.S.C. §§ 5563 and 5565, Dkt. No. 52 at 17, which are found in part E of the CFPA. That makes the Consent Order an order issued under § 5531 for purposes of § 5536(a)(3). It does not matter that the substantial assistance claim against Danaher is not predicated on a standalone UDAAP claim, as Danaher suggests it must be. According to the text, it need only be predicated on a § 5531 violation.

Indeed, Danaher concedes that the Consent Order was issued pursuant to § 5563, Resp., Dkt. No. 84 at 12, but argues that because it is a consent order free of some of the procedural safeguards provided for other orders issued and adjudications performed by the Bureau, it cannot be used as the basis for a substantial assistance claim. That position lacks textual support, however, and I decline to adopt it. Also unsupported by the statutory text is Danaher's objection that he cannot incur substantial assistance liability based on a consent order he did not sign. A straightforward reading of the CFPA reveals liability attaches to "any person" who meets the criteria under § 5536(a)(3), whether or not he is liable for the underlying § 5531 violation.

Danaher undergirds these arguments with a concern that allowing a § 5536(a)(3) claim to proceed in this context would

6

expose "any person doing business" with an entity under a consent order to substantial assistance liability for otherwise lawful conduct that the Bureau and that entity chose to proscribe in the consent order. *See* Resp., Dkt. No. 84 at 15. That concern is unfounded. Liability under § 5536(a)(3) requires that the assistance be rendered "knowingly or recklessly." This scienter element protects innocent business associates of entities under consent orders from substantial assistance liability. In any event, Danaher's concern is not implicated here, where he was a high-ranking executive at TransUnion Interactive, Inc., allegedly knew about the Consent Order, and was involved with the company's relevant marketing practices.

Danaher also urges that, because the Bureau has never brought a substantial assistance claim premised on violation of a consent order against an individual, it cannot be a viable theory. But novel legal theories are not invalid by default. And as the Bureau points out, it has only operated since 2011. To bring a substantial assistance claim against an individual requires resolution of a controversy by consent, violation of the resulting consent order with the assistance of an individual, and investigation by the Bureau, all of which takes time. That the Bureau brings forth a new theory in this case is therefore unsurprising.

7

II.

Danaher requests that I certify my order denying his motion to dismiss for interlocutory appeal under 28 U.S.C. § 1292(b). He poses the question for appeal as follows: "Whether the Consumer Financial Protection Bureau has the statutory authority to bring an action under Section 1036(a)(1)(A) of the CFPA, 12 U.S.C. § 5536(a)(1)(a), for civil money penalties for a violation of a consent order against a non-consenting party."

To secure interlocutory appeal under § 1292(b), "there must be a question of law, it must be controlling, it must be contestable, and its resolution must promise to speed up the litigation." *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000) (emphases omitted). It is true that "neither the statutory language nor the case law requires that if the interlocutory appeal should be decided in favor of the appellant the litigation will end then and there, with no further proceedings in the district court." *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 536 (7th Cir. 2012) (citations omitted). "What is required, however, is that an immediate appeal will expedite rather than protract the resolution of the case." *U.S. Commodity Futures Trading Comm'n v. Kraft Foods Grp.*, 195 F. Supp. 3d 996, 1008 (N.D. Ill. 2016) (citing *Sterk*, 672 F.3d at 536).

When Danaher filed his motion, the Bureau had not yet moved to add an additional claim against him. Because I will grant the

Bureau's motion, an interlocutory appeal would not expedite this litigation. Even if the Seventh Circuit agreed with Danaher on appeal, that would not resolve the new substantial assistance claim. Thus, if anything, an interlocutory appeal would slow down the litigation, as it often does. *See Asher v. Baxter Int'l Inc.*, 505 F.3d 736, 741 (7th Cir. 2007) (cautioning that interlocutory review "must be used sparingly lest [it] increase the time and expense required for litigation"); *Herdrich v. Pegram*, 154 F.3d 362, 368 (7th Cir. 1998) (observing that interlocutory appeals "all too frequently cause unnecessary delays in lower court proceedings and waste the resources of an already overburdened judicial system" (citations omitted)), *rev'd on other grounds*, 530 U.S. 211 (2000).

Granting Danaher's request would also not reduce the burdens of discovery. As the parties acknowledge, the substantial assistance claim shares a factual basis with Count II. *See* Pl.'s Br., Dkt. No. 80 at 4; Resp., Dkt. No. 84 at 9. If Count II were dismissed and no further discovery were needed on that claim, similar discovery would need to be undertaken with respect to the new claim anyway. Nor has there been any indication that Count II is the Bureau's "main" claim against Danaher with the added claim merely a "life jacket." *Sterk*, 672 F.3d at 536. Indeed, the similar factual underpinnings of each claim suggest that they are comparably substantial.

Danaher requests in the event I allow the Bureau to amend its complaint, that I hold his motion for certification of interlocutory appeal in abeyance pending a future motion to dismiss the new claim that Danaher indicates he plans to bring. His rationale is that if the substantial assistance claim is dismissed, interlocutory appeal would speed up the litigation because only one claim would remain against him, and an appeal could resolve that claim in his favor. Given my conclusion on the viability of the substantial assistance claim, however, it is likely that the claim would survive a future motion to dismiss. I therefore deny Danaher's request to hold his motion in abeyance. Additionally, should Danaher file a motion to dismiss, he must limit his arguments to those not addressed in this opinion because the futility analysis applies the same standard as that used under Rule 12(b)(6). *See Avnet, Inc. v. Motio, Inc.*, No. 12 C 2100, 2015 WL 5307515, at *2–3 (N.D. Ill. Sept. 9, 2015) (finding law of the case doctrine prohibited arguments brought in Rule 12(b)(6) motion that had previously been considered in determining whether amendment would be futile); *Corrado v. N.Y. Unified Ct. Sys.*, 163 F. Supp. 3d 1, 17 (E.D.N.Y. 2016) (observing that law of the case doctrine would typically bar a Rule 12(b)(6) motion after a finding that amendment would not be futile).

III.

For the foregoing reasons, the Bureau's motion for leave to file an amended complaint is granted and Danaher's motion to amend my earlier opinion to include a certification for interlocutory appeal is denied.

**ENTER ORDER:**

**Elaine E. Bucklo**
United States District Judge

Dated: May 23, 2023