UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL PROTECTION BUREAU, | No. 22 CV 1880 |
| Plaintiff, | |
| v. | Magistrate Judge Young B. Kim |
| TRANSUNION, TRANS UNION LLC, TRANSUNION INTERACTIVE, INC., and JOHN T. DANAHER, | |
| Defendants. | December 7, 2023 |

**ORDER**

Plaintiff Consumer Financial Protection Bureau ("CFPB" or the "government") sues Defendants for violating the terms of the January 3, 2017 consent order ("Consent Order") it issued against them in *In re TransUnion Interactive, Inc., et al.*, No. 2017-CFPB-0002, the Consumer Financial Protection Act ("CFPA"), the Electronic Fund Transfer Act, and the Fair Credit Reporting Act. The complaint includes nine separate counts of wrongdoing, but the government's theory of liability is that Defendants misled millions of consumers into unknowingly signing up for credit monitoring subscription services, charged them a monthly fee on an automatic payment basis, and made it difficult for them to cancel the service once realizing what they had purchased. On September 11, 2023, the court entered a written discovery schedule and ordered the government and Defendant John T. Danaher (together, "the parties") to file a joint status report identifying their issues with the opposing side's discovery responses. (R. 136.) The parties then timely

submitted their joint status report identifying their issues on November 17, 2023. (R. 155.)

This order pertains to the issues Danaher identifies with the government's discovery responses. According to him, the government's responses to his Requests for Production of Documents ("RPD") Nos. 6, 8, 10-12, 14-18, 20, 24-27, 33, and 36 are deficient. Having reviewed the pleadings, the status report, and the government's responses to the RPDs, and for the following reasons, the court orders the government to supplement its responses to RPD Nos. 11, 12, 14, 17, 18, and 24-27 as directed herein:

| RPD No. | Ruling |
|---|---|
| 6 | The government's scope and relevance objections are sustained. First, there is no basis for seeking documents going back to 2012 when the complaint clearly says that the government notified Defendants of their continued failure to comply with the Consent Order in June 2020 and Danaher admits, in his capacity as an executive for Defendant TransUnion Interactive, Inc. ("TUI"), that he received the government's Notice and Opportunity to Respond and Advise letter ("NORA") in June 2020. (R. 110, Answer at 17.) Second, the scope of the request is too broad in that it seeks "[a]ll documents" and lacks sufficient details to allow the court to narrow its scope. Third, the policies, practices, and/or legal basis for issuing a NORA have nothing to do with this case now that it is pending in federal court. The government has sued Danaher in this court for his alleged involvement in misleading consumers, and the court fails to see how CFPB's policies and practices explain the government's interpretation of the terms of the Consent Order. Danaher's conclusory statement about the relevance of the documents sought herein is not sufficient. |
| 8 | The government's relevance objection is sustained. First, the documents and communications Danaher seeks here are not relevant to the issue of whether Danaher is a "covered person" under CFPA. Second, to the extent that the request touches on CFPB's legal authority to bring this action against Danaher and his seventh affirmative defense, the court has already ruled that this particular issue does not warrant any discovery "because the defense will almost |

| | |
|---|---|
| | certainly rise or fall with the Supreme Court's decision this term." (R. 153, Mem. Opinion & Order at 10-11.) |
| 10 | The government's relevance objection is sustained. Whether the government's "conduct in this case breaks with" the "applicable policies and practices" has no bearing on the Corporate Defendants' business practices and Danaher's personal involvement in those practices and whether those practices violated the terms of the Consent Order and consumer financial laws. |
| 11 | The government's objections are overruled in part and sustained in part. The court orders the government to produce only the following information for the calendar years 2021, 2022, and 2023 pertaining to individuals who violated the CFPA through misleading marketing of financial products: (1) civil penalties and fines CFPB has assessed in connection with administrative proceedings and the related charging documents detailing the relevant false marketing practices; and (2) civil penalties and fines CFPB has recovered in civil enforcement actions filed in federal court and the complaints filed in those cases. The court finds that this information is proportional to the needs of this case and may be relevant to the issue of monetary penalties to be assessed against Danaher in the event the government prevails here. |
| 12 | The government's objections are overruled in part and sustained in part. The court orders the government to produce responsive communications pertaining to discussions about Defendants violating the terms of the Consent Order from October 1, 2018, to the present. If CFPB takes the position that it engaged in inter-agency communications about the said topic but that they are privileged, the government must catalogue and detail them on a privilege log. The court finds that these communications may reflect relevant information in that Danaher may learn the identities of CFPB's point persons and how they interpret the terms of the Consent Order. |
| 14 | The government's scope objection is sustained. The government has agreed to produce all documents and communications exchanged between it and Corporate Defendants relating to the Consent Order. The court finds that this scope of discovery is proportional to the needs of this case. The court declines to force the government to identify and detail on a privilege log what are surely privileged internal communications. |
| 15 & 16 | The government's relevance objection is sustained. There is no dispute as to the entry of the Consent Order, the Corporate Defendants' payment of about $17 million pursuant to this Order, and the inclusion of conduct provisions in the Order. (R. 109, Corporate Defs.' Answer at 10-11.) CFPB's policies and practices covering the terms to be included in the Consent Order or communications pertaining to the inclusion of certain terms are neither here nor there. |

3

|  | |
|---|---|
|  | The dispute in this case centers on whether Defendants violated the terms of the Consent Order already entered. Besides, the government has agreed to produce the documents and communications it has exchanged with the Corporate Defendants in connection with the negotiation of the Consent Order. Those documents are sufficient to meet the needs of this case. |
| 17 & 18 | The government's objections are overruled in light of the court's denial of the government's motion to strike Danaher's Sixth Affirmative Defense. (R. 153 at 11.) The government is ordered to produce documents and communications pertaining to: (1) the receipt of the Corporate Defendants' submission of the Compliance Plan; (2) the government's responses to the submitted Compliance Plan, if any; (3) subsequent submissions of Compliance Plans and the government's responses thereto, if any; and (4) communications the government and the Corporate Defendants exchanged regarding the Compliance Plan. These documents may demonstrate when the Corporate Defendants submitted their Compliance Plan, whether the government responded to the plan or plans, and whether the government sought modifications to any plans the Corporate Defendants submitted. As such, they are relevant to Danaher's defenses. |
| 20 | The government's relevance objection is sustained. There is no dispute that the government entered the Consent Order and that it includes Paragraph 40(b)(i). The documents Danaher seeks are not relevant to the issue of whether the government is entitled to maintain this action, whether the terms of the Consent Order are vague and ambiguous, whether the Corporate Defendants' actions violate the terms of the Consent Order, or whether Danaher should be liable for the Corporate Defendants' marketing practices. |
| 24-27 | The government's scope objection is sustained. However, the government is ordered to produce those communications exchanged between it and the third parties identified in the requests from October 1, 2018, to the present if they pertain to the claims in the amended complaint. |
| 33 | In light of the ruling on RPD Nos. 24-27, this request is not needed. Also, the government is correct that this RPD seeks work product because it necessarily requires the government to disclose its trial exhibits prematurely. |
| 36 | The government's objections are sustained. There is no need for this request. Danaher is free to use Rule 30(b)(6) to secure the government's official position on any relevant issues in this case. |

4

## Conclusion

For the foregoing reasons, the government is ordered to supplement its responses to RPD Nos. 11, 12, 14, 17, 18, and 24-27 in accordance with this order.

**ENTER:**

**Young B. Kim
United States Magistrate Judge**