IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Consumer Financial Protection Bureau, | |
| Plaintiff, | Case No. 1:22-cv-1880 |
| v. | Hon. Judge Elaine E. Bucklo<br>Hon. Magistrate Judge Young B. Kim |
| TransUnion, Trans Union LLC, TransUnion Interactive, Inc., and John T. Danaher, | |
| Defendants. | |

**PLAINTIFF'S MOTION FOR AN EXTENSION OF TIME
TO SERVE AND FILE OBJECTIONS**

Plaintiff Consumer Financial Protection Bureau (Bureau) hereby respectfully requests an extension of the time to serve and file objections and move to modify or set aside Magistrate Judge Kim's June 10, 2024 Memorandum Opinion & Order, ECF No. 321 (June 10 Order), denying Plaintiff's motion to compel Defendants TransUnion, TransUnion, LLC, and TransUnion Interactive, Inc. (collectively, the "Corporate Defendants" or "TU") to produce responsive documents related to the January 3, 2017 Consent Order as to which TU voluntarily waived attorney-client and work product privileges during the Bureau's investigation preceding this litigation (ECF No. 240) (the TU Motion).

Federal Rule of Civil Procedure 72(a) governs non-dispositive rulings by a Magistrate Judge. Discovery orders such as the June 10 Order "that do not seek an adverse inference, dismissal, or other form of final relief are typically non-dispositive." *Promier Prod., Inc. v. Orion Cap. LLC*, No. 21 CV 1094, 2023 WL 8868781, at *3 (N.D. Ill. Dec. 22, 2023) (collecting

1

cases). Federal Rule of Civil Procedure 72(a) provides that "[a] party may serve and file objections to the order within 14 days after being served with a copy." This deadline is not jurisdictional, and it is within the district court's discretion to extend or modify the deadline. *Kruger v. Apfel*, 214 F.3d 784, 786 (7th Cir. 2000) (deadline to serve and file objections is not jurisdictional); Fed. R. Civ. P. 6(b)(1) (providing that a deadline may be extended for good cause).

Good cause to extend this deadline exists because a related, simultaneously-filed Bureau Motion (ECF No. 246) remains pending before Magistrate Judge Kim. *See* Mot. to Prohibit Danaher from Claiming or Citing Reliance on Advice of Counsel (the Danaher Motion), ECF No. 246. In the Danaher Motion, the Bureau has asked the Court to prohibit Defendant Danaher from claiming or citing reliance on the advice of counsel.[1] The advice of counsel upon which Danaher seeks to rely includes advice provided by internal and external TU attorneys, some of which TU revealed during the Bureau's investigation, and some of which TU has withheld under a claim of privilege. Therefore, the material relevant to Danaher's advice of counsel assertions, if allowed to proceed, overlaps significantly (if not entirely) with the discovery material that the Bureau sought in the TU Motion and that was denied in Magistrate Judge Kim's June 10 Order. Depending on the outcome of the Danaher Motion, the Bureau may or may not serve and file objections or move to modify or set aside the June 10 Order. Thus, an extension may obviate the

---

[1] In the Danaher Motion, the Bureau seeks to (1) prohibit Danaher from citing or relying on advice of counsel as a sanction for his failure to comply with Magistrate Judge Kim's December 26, 2023 Order (ECF No. 181), which required Danaher to provide complete responses to Bureau interrogatories about his claimed reliance on the advice of counsel; or (2) depending on the outcome of the TU Motion, order Danaher to provide complete responses to the interrogatories, or alternatively, if the Bureau is not afforded access to the legal advice that was the subject of the TU Motion (ECF No. 240), order that Danaher be precluded from citing or relying on advice of counsel.

2

Court's need to address these issues at all. Additionally, because the two Bureau motions are so interrelated, judicial efficiency would be served by having Magistrate Judge Kim's rulings on both motions briefed and considered together.

Plaintiff therefore respectfully requests that this Court grant an extension of time to serve and file objections and move to modify or set aside the June 10 Order (ECF No. 321) until fourteen (14) days following the entry of an order resolving Plaintiff's Motion to Prohibit Danaher from Claiming or Citing Reliance on Advice of Counsel (ECF No. 246).

Corporate Defendants oppose this Motion. The parties were unable to come to a resolution on Danaher's position before filing and counsel for Danaher would not authorize the Bureau to state Danaher's position in this Motion. Instead, counsel for Danaher asked that the Bureau append email correspondence between counsel regarding Danaher's position on the motion. *See* Exhibit 1.

Dated: June 17, 2024

Respectfully submitted,

s/ *Tracy L. Hilmer*
Jessica Rank Divine
Johanna M. Hickman
Tracy L. Hilmer
Mary K. Warren
Anjali Garg
Torie Atkinson

Consumer Financial Protection Bureau
1700 G Street, NW
Washington, DC 20552
Telephone: (202) 435-7863 (Divine)
Telephone: (202) 679-7903 (Hickman)
Telephone: (202) 435-7459 (Hilmer)
Telephone: (202) 435-7815 (Warren)
Telephone: (202) 435-9217 (Garg)
Telephone: (312) 610-8957 (Atkinson)

Email: jessica.divine@cfpb.gov
Email: johanna.hickman@cfpb.gov
Email: tracy.hilmer@cfpb.gov
Email: mary.warren@cfpb.gov
Email: anjali.garg@cfpb.gov
Email: torie.atkinson@cfpb.gov

*Attorneys for Plaintiff Consumer Financial Protection Bureau*