UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CONSUMER FINANCIAL ) | |
| PROTECTION BUREAU, ) | No. 22 CV 1880 |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Magistrate Judge Young B. Kim |
| ) | |
| TRANSUNION, TRANSUNION, LLC, ) | |
| TRANSUNION INTERACTIVE, INC., ) | |
| and JOHN T. DANAHER, ) | |
| ) | July 26, 2024 |
| Defendants. ) | |

**MEMORANDUM OPINION and ORDER**

Plaintiff Consumer Financial Protection Bureau ("the government") sues Defendants for violating the terms of the January 3, 2017, consent order ("Consent Order") it issued against them in *In re TransUnion Interactive, Inc., et al.*, No. 2017-CFPB-0002, brought under the Consumer Financial Protection Act, the Electronic Fund Transfer Act, and the Fair Credit Reporting Act. The complaint includes nine separate counts of wrongdoing, but the government's theory of liability is that Defendants misled millions of consumers into unknowingly signing up for credit monitoring subscription services, charged them a monthly fee on an automatic payment basis, and made it difficult for them to cancel the service once realizing what they had purchased.

Before the court is the government's motion to bar Defendant John T. Danaher from claiming or relying on an advice-of-counsel defense as a penalty for violating the court's December 26, 2023 discovery order. For the following reasons, the motion is

granted in part to the extent that Danaher's discovery answers are not adequate enough for him to assert an advice-of-counsel defense, but denied in part to the extent that the government is seeking a permanent bar from raising such a defense in this litigation:

## Background

In September 2023 the court entered a written discovery schedule and ordered the parties to file a joint status report identifying any issues with the opposing side's discovery responses. (R. 137 at 3.) The parties then timely submitted their joint status report in November 2023, which included the government's objections to Danaher's responses to its Interrogatory ("INT") Nos. 1-12 and Requests for Production of Document ("RPD") Nos. 1, 2, 5-7, 15, 16, and 19. (R. 155.)

As relevant here, INT No. 7 asked Danaher to "[s]tate all facts and . . . all evidence supporting each affirmative defense," (R. 247, Govt.'s Mem. at 3, Ex. A at 14), including his eleventh affirmative defense, which asserts that Danaher lacked "the required mental state to commit the alleged violations or act knowingly or recklessly in relation to the alleged violations" of the Consent Order. (R. 110, Danaher's Answer at 101). To the extent Danaher intends to rely on advice of counsel "to negate or mitigate" the government's claims against him, as suggested in his eleventh affirmative defense, INT No. 8 asked him to identify each attorney upon whose advice he plans to rely, "describe in complete detail the advice [he] received and the date of the advice," and "list all evidence supporting [his] claimed reliance on such advice." (R. 247, Govt.'s Mem. at 3, Ex. A at 14-15.) RPD No. 7(g) in turn

2

requested documents relating to "[a]ny legal advice that [Danaher] contend[s] negates or mitigates [his] liability in this Action, in whole or in part, for any form of relief sought" by the government in its first amended complaint. (Id. at 3, Ex. B at 16.)

On December 26, 2023, this court ordered Danaher to answer INT No. 7 by detailing the facts supporting his eleventh affirmative defense. (R. 181 at 3.) This court further ordered Danaher to answer INT No. 8 by specifying "whether he will be relying on any legal advice in defense of the claims against him," explaining that Danaher "[e]ither [] does or does not have a position in response to these INTs and he does or does not plan to rely on advice of counsel as his defense. An answer to these INTs is important now because the government should know whether the areas of discovery are permitted." (Id.) With respect to RPD No. 7(g), the court ordered Danaher to "perform[] a reasonable inquiry to locate and produce [responsive] documents." (Id. at 5.) Danaher did not produce any documents in response to RPD No. 7(g). (R. 247, Govt.'s Mem. at 5, 15.)

On January 19, 2024, Danaher supplemented his answer to INT No. 7 by stating that he understood that Corporate Defendants'[1] "in-house and outside legal and compliance advisers were engaged and took steps to ensure that [Transunion Interactive, Inc.] met its legal obligations with respect to consumer financial protection law and compliance with the terms of the 2017 Consent Order." (Id. at 4,

---

[1] "Corporate Defendants" refers to Defendants TransUnion, TransUnion, LLC, and TransUnion Interactive, Inc. (collectively, "TU").

3

Ex. C at 22.) Danaher further indicated that his "state of mind was informed by this understanding, and he relied on this understanding and particular guidance, advice and counsel he received from (among others) in-house and outside legal and compliance advisers," as listed in his supplemental response to INT No. 8. (Id. at 4, Ex. C at 22-25 (identifying Richard Siegel, in-house attorney for TU, and Maria Earley, outside counsel, as sources of advice upon which he relied).) Danaher also supplemented his answer to INT No. 8 by representing among other things that "in-house and outside legal and compliance advisers" generally advised him that the "Corporate Defendants' obligation to implement the Conduct Provisions of the 2017 Consent Order was triggered upon the [government]'s non-objection to the plan (a fact which was clearly communicated to the [government] in the compliance plan itself)." (Id. at 5, Ex. C at 25.)

In its motion, the government argues that Danaher violated the court's December 26, 2023 order by failing to produce documents in response to RPD No. 7(g) and providing incomplete INT answers. (Id. at 7-8.) Specifically, the government contends that Danaher's INT answers do not state the "source, specific content, date, and supporting evidence of all the advice he received." (Id. at 8.) Danaher responds that such information is either protected by a privilege held by TU or not within his possession, custody, or control. (R. 296, Danaher's Resp. at 7.)

## Legal Standard

"The purpose of discovery is to refine the case and to prepare it for trial based on a full understanding of the relevant facts." *Life Plans, Inc. v. Sec. Life of Denver*

4

*Ins. Co.*, 800 F.3d 343, 358 (7th Cir. 2015). Rule 26(b) governs the scope of discovery and provides that the "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Discovery is designed to help "define and clarify the issues," and as such, "relevance is to be construed broadly." *Doe v. Loyola Univ. Chi.,* No. 18 CV 7335, 2020 WL 406771, at *2 (N.D. Ill. Jan. 24, 2020) (quotation omitted). A court has the "inherent authority" with respect to discovery and otherwise "to manage judicial proceedings and to regulate the conduct of those appearing before it, and pursuant to that authority may impose appropriate sanctions to penalize and discourage misconduct." *Ramirez v. T&H Lemont, Inc.*, 845 F.3d 772, 776 (7th Cir. 2016). In addition, Rule 37(b)(2)(A) allows a court to prohibit a party from "supporting or opposing designated claims or defenses" for failing to obey a discovery order . . . if "the offender willfully abuses the judicial process or litigates in bad faith." *Donelson v. Hardy*, 931 F.3d 565, 569 (7th Cir. 2019). And under Rule 37(c) a party that fails to comply with its Rule 26(e) disclosure requirements to supplement its responses is not allowed to use the non-disclosed information at trial "unless the failure was substantially justified or is harmless."

## Analysis

The government moves for sanctions under Rule 37(b)(2)(A) based on Danaher's alleged failure to comply with the court's discovery order requiring him to "detail the facts supporting his eleventh affirmative defense" and "perform[] a reasonable inquiry to locate and produce [responsive] documents." (R. 181 at 3.) The

government seeks to bar Danaher from invoking a privilege to avoid providing evidence related to his advice-of-counsel defense or, in the alternative, to compel Danaher to provide complete responses to INT Nos. 7 and 8 and RPD No. 7(g). (R. 247, Govt.'s Mem.) Danaher responds that he has complied with the court's order and, therefore, sanctions are not warranted.² (R. 296, Danaher's Resp. at 6-12.) The court agrees with Danaher that sanctions are not warranted at this time but cautions him that his current responses are not sufficient to support an advice-of-counsel defense and he risks being barred from asserting such a defense and presenting supporting documents if he does not supplement his discovery responses.

A.  **Advice-of-Counsel Defense**

Here, Danaher's eleventh affirmative defense is predominantly supported by his reliance on legal advice provided by counsel. (See R. 247, Govt.'s Mem. Ex. D at 22-25.) The advice-of-counsel defense requires a defendant to establish the following elements:

> (1) before taking action, (2) he in good faith sought the advice of an attorney whom he considered competent, (3) for the purpose of securing advice on the lawfulness of his possible future conduct, (4) and made a full and accurate report to his attorney of all material facts which the defendant knew, (5) and acted strictly in accordance with the advice of his attorney who had been given a full report.

*United States v. Cheek*, 3 F.3d 1057, 1061 (7th Cir. 1993) (quotation and citation omitted). Given this standard, Danaher cannot assert reliance based on counsel's

---

² Danaher also alleges that the government's motion is procedurally improper for failing to satisfy Rule 37(a) and Local Rule 37.2 because the government did not meet and confer with him before filing its motion. But those rules do not require a meet and confer before moving for sanctions.

advice while at the same time refusing to produce the advice upon which he allegedly relied. *See SEC v. McNamee*, 481 F.3d 451, 456 (7th Cir. 2007) ("It isn't possible to make out an advice-of-counsel defense without producing the actual advice from an actual lawyer."); *SEC v. Lek Sec. Corp.*, No. 17 CV 1789, 2019 WL 5703944, at *3 (S.D.N.Y. Nov. 5, 2019) (rejecting advice-of-counsel defense where defendant "den[ied] access to the very advice that formed the supposed good faith belief that the conduct was legal").

Despite the court's December 26, 2023 court order requiring more specificity in Danaher's discovery responses relating to his eleventh affirmative defense, (see R. 181 at 3), his supplemental answer to INT No. 7 still fails to supply any details regarding the specific legal advice upon which he relied and essentially asserts only that he acted "reasonably and in good faith" by relying on the advice of "in-house and outside legal and compliance advisors," (R. 247, Govt.'s Mem. Ex. 4 at 19-23). Similarly, Danaher's supplemental answer to INT No. 8 states generally that he received "particular guidance, advice and counsel . . . from in-house and outside legal and compliance advisers," and provides names of two attorneys without providing any details such as dates, times, or specifics regarding the particular advice he received and how he relies on such advice here. (Id.) And Danaher did not supplement his document production to include any documents supporting his advice-of-counsel defense in response to RPD No. 7(g). (Id. at 4, 7.) As such, Danaher has not meaningfully responded to the interrogatories or the request for production as ordered by the court. By omitting details regarding what advice he received, from

7

whom, and when, Danaher fails to satisfy the elements required for an advice-of-counsel defense.

Nevertheless, Danaher suggests that his truncated responses were in part influenced by the then-unresolved issue regarding the scope of TU's privilege waiver. (R. 296, Danaher's Resp. at 7.) The court credits this explanation and concludes that the government fails to show the willfulness, bad faith, or fault necessary to support the sanctions it seeks here—a permanent bar from asserting the defense in this litigation. *See De Falco v. Oak Lawn Pub. Libr.,* 25 Fed. Appx. 455, 457 (7th Cir. 2001) ("Sanctions, however, are proper under Rule 37(b)(2) when a party fails to comply with discovery orders, and the district court finds willfulness, bad faith, or fault."); *see also Ramirez v. T&H Lemont, Inc.,* 845 F.3d 772, 776 (7th Cir. 2016) (finding that fault in this context involves extraordinarily poor judgment or gross negligence rather than mere mistake or carelessness). Accordingly, the court declines to sanction Danaher at this time. That said, Danaher's general answers are insufficient and if he wishes to rely upon an advice-of-counsel defense, he must timely supplement his answers to INT Nos. 7 and 8 and response to RPD No. 7(g).

**B.     Privilege**

The government next asks the court to bar Danaher from invoking the attorney-client privilege to avoid having to produce evidence regarding his advice-of-counsel defense. (R. 247, Govt.'s Mem. at 8-11.) As explained, Danaher cannot assert reliance on counsel or good faith based on counsel's advice "while simultaneously denying access to the very advice that formed the supposed good faith belief that the

8

conduct was legal." *Lek Sec. Corp.,* 2019 WL 5703944, at *3; *see also McNamee,* 481 F.3d at 456. "[A] party who intends to rely at trial on the advice of counsel must make a full disclosure during discovery; failure to do so constitutes a waiver of the advice-of-counsel defense." *Arista Records LLC v. Lime Grp. LLC*, No. 06 CV 5936, 2011 WL 1642434, at *2 (S.D.N.Y. Apr. 20, 2011) (citation omitted). This is because "legal advice given to another does not establish good faith as a matter of law." *Lek Sec. Corp.*, 2019 WL 5703944, at *3. The Seventh Circuit has supported the full-disclosure requirement, acknowledging that "when the [attorney-client privilege] shelters important knowledge, accuracy declines. Litigants may use secrecy to cover up machinations, to get around the law instead of complying with it." *In re Matter of Feldberg*, 862 F.2d 622, 627 (7th Cir. 1998); *see also Garcia v. Zenith Elec. Corp.*, 58 F.3d 1171, 1175 n.1 (7th Cir. 1995) ("We note that the attorney-client privilege is generally waived when the client asserts claims or defenses that put his attorney's advice at issue in the litigation.").

In accordance with these principles, Danaher may not assert the privilege to avoid producing evidence related to his advice-of-counsel defense insofar as he intends to assert such a defense. For fairness, such evidence must be disclosed "before the close of discovery and in time to allow for such discovery*." In re Buspirone Patent Litig.*, 210 F.R.D. 43, 54-55 (S.D.N.Y. 2002). Danaher's decision to postpone providing complete answers because of the dispute over the scope of TU's waiver ran counter to his obligation to provide timely responses to incomplete interrogatories. *See* Fed. R. Civ. P. 26(e). He had until January 19, 2024, to have provided complete

9

answers to INT Nos. 7 and 8 and to provide documents responsive to RPD No. 7(g). In light of the dispute the court resolved on June 10, 2024, the court grants Danaher an extension until August 9, 2024, to comply with the court's December 26, 2023 order if he wishes to raise an advice-of-counsel defense.

**C.     Motion to Compel**

The government alternatively moves to compel Danaher to provide complete responses to INT Nos. 7 and 8 and RPD No. 7(g). (R. 247, Govt.'s Mem. at 12-14.) A party may file a motion to compel under Rule 37 when the responding party is evasive or provides incomplete disclosures or answers. Fed. R. Civ. P. 37(a)(1). Here, the court resolved the parties' dispute regarding the scope of TU's privilege waiver on June 10, 2024, finding that TU waived the attorney-client privilege and the work-product doctrine only with respect to the timing of its compliance with the Consent Order ("Privilege Waiver"). (R. 321 at 10.) Nonetheless, the government argues that regardless of the limited nature of TU's Privilege Waiver as determined by the court, information regarding "*all* 'guidance, advice, and counsel' Danaher claims to have received about the Consent Order, from any source, up to the date he severed his professional relationship with [TU]" is no longer privileged because Danaher implicitly waived the privilege by stating in his answer to INT No. 8 that he intends to rely on particular legal advice he received as grounds to excuse or mitigate the government's claims against him. (R. 247, Govt.'s Mem. at 9-10 (emphasis in original).) Danaher disagrees, stating that he has not and cannot waive privilege over legal advice given to TU. (R. 296, Danaher's Resp. at 13.) As such, Danaher

10

says he intends to rely upon only non-privileged information or information over which TU has waived its privilege to support his eleventh affirmative defense. (Id. at 14.)

Because the court determined that TU's Privilege Waiver only extends to timing, the court declines to compel Danaher to supplement his responses to INT Nos. 7 and 8 and RPD No. 7(g). As complete answers to these discovery requests would include information currently protected by the privilege held by TU, it is up to Danaher to determine the scope of the confidential information he wishes to disclose to support his own advice-of-counsel defense. In so finding, the court accepts Danaher's representation that documents regarding his eleventh affirmative defense are not within his possession, custody, or control. (R. 296, Danaher's Resp. at 10.) However, this also means that Danaher is barred from offering or referring to any documents to support his advice-of-counsel defense if he fails to timely produce any documents responsive to RPD No. 7(g). He may not have possession, custody, or control over the documents pertaining to his eleventh affirmative defense, but nothing prevented him from seeking those documents from TU through discovery.

## Conclusion

For the foregoing reasons, the motion is granted in part to the extent that Danaher's discovery answers are not adequate enough for him to assert an advice-of-

counsel defense, but denied in part to the extent that the government is seeking a permanent bar from raising such a defense in this litigation.

                              **ENTER:**

                              _/s/ Young B. Kim_____

                              **Young B. Kim**
                              **United States Magistrate Judge**